Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
*Attorneys for Plaintiff,*
*Briana Valdez*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BRIANA VALDEZ,

          Plaintiff,

vs.

CITIBANK, N.A.,

          Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. **TCPA, 47 U.S.C. § 227**
2. **RFDCPA, Cal. Civ. Code § 1788**

**(Unlawful Debt Collection Practices)**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Briana Valdez ("Plaintiff"), through her attorneys, alleges the following against Defendant, Citibank, N.A., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Palmdale, Los Angeles County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

8. Defendant is a creditor engaged in the business of giving loans with its principal place of business located in New York, New York. Defendant can be served with process at 388 Greenwich Street, New York, New York 10013.

9.   Defendant is a debt collector as that term is defined by *Cal. Civ. Code §1788.2(c).*

10.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.  Defendant is attempting to collect a debt from Plaintiff.

12.  Plaintiff's alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f).

13.  On or about November 24, 2015, Defendant began placing calls to Plaintiff's cellular phone number (661) 361-9567, in an attempt to collect a debt from.

14.  Upon information and belief, the calls mainly originated from (859) 309-5126, and (877) 587-5727; these numbers are owned or operated by Defendant.

15.  On or about November 24, 2015 at 4:29pm, Plaintiff answered a call from Defendant originating from telephone number (859) 309-5126; Plaintiff heard a long pause playing before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant's agent, "Mayalli", informed Plaintiff that they were attempting to collect a debt, and Plaintiff told the agent that she did not want to be contacted on her cellular phone.

17. On November 28, 2015 and November 29, 2015, Defendant called Plaintiff on her cellular phone three (3) times each day.

18. On or about December 1, 2015, Plaintiff received a phone call from Defendant from (877) 587-5727 at 3:21pm. Plaintiff, again, revoked consent to be contacted further on her cellular phone.

19. Defendant called Plaintiff almost every day between November 24, 2015 and January 11, 2016, usually multiple times per day.

20. On December 5, 2015, Defendant called Plaintiff's cellular phone three (3) times at 11:18am, 1:19pm, and 3:22pm.

21. On December 6, 2015, Defendant called Plaintiff another three (3) times on her cellular phone at 10:52am, 1:06pm, and 3:03pm.

22. Defendant frequently called Plaintiff more than three times in one day.

23. Defendant called Plaintiff's cellular phone four (4) times on, including but not limited to, the following days: December 9, 10, 11, 12, 13, 14, 18,19, and 31; January 5, 6, 7, 9, and 11 of 2016.

24. Defendant continued to call Plaintiff all through the holiday season, including three (3) phone calls on New Year's Eve and New Year's Day.

25. Over the course of the three (3) month period between November 24, 2015 and January 11, 2016, Defendant called Plaintiff approximately one-hundred and sixty (160) times.

26. The almost daily calls from Defendant caused Plaintiff severe emotional distress and mental anguish.

27. The almost daily calls used Plaintiff's cell phone minutes.

28. The aggressive nature of the calls made it clear that Defendant was seeking collection from Plaintiff and would not stop calling her no matter how many times she asked them.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the

called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//
//
//
//
//

## COUNT II

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating

        15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or

        engaging Plaintiff in telephone conversations repeatedly;

    iii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating

        15 U.S.C. § 1692f by using unfair or unconscionable means in

        connection with the collection of an alleged debt; and

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pressure her sister to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Briana Valdez, respectfully requests judgment be entered against Defendant, Citibank, N.A., for the following:

    A. Declaratory judgment that Defendant violated the RFDCPA;

    B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

    C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

    D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C.

§ 227(b)(3)(C);

F.  Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law; and

G.  Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

Dated: August 26, 2016                    By:*/s/ Stuart Price*_____
                                          Stuart Price, Esq.
                                          15760 Ventura Blvd., Suite 800
                                          Encino, CA 91436
                                          Tel: 818-907-2030
                                          stuart@pricelawgroup.com
                                          Attorneys for Plaintiff